UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Lorraine Benson,

                              Plaintiff,

                v.

Nancy A. Berryhill, Acting Commissioner of
Social Security,

                              Defendant.

**Decision and Order**

15-CV-935A

## I.    INTRODUCTION AND BACKGROUND

The Hon. Richard J. Arcara has referred this case to this Court under 28 U.S.C. § 636(b).

(Dkt. No. 13.)  Pending before the Court is a non-dispositive[1] motion by defendant Nancy

Berryhill (the "Commissioner") to transfer this case to the Northern District of Indiana under 28

U.S.C. § 1406(a).  (Dkt. No. 17.)

Not much background is necessary to discuss here, because the underlying substance of

plaintiff Lorraine Benson's ("Benson") Supplemental Security Income ("SSI") claim is not relevant

to the question of venue.  This case traces back to an application for SSI that Benson filed while

living in Indiana.  Around April 2015, Benson moved to Buffalo to live with her daughter.  The

Court does not have the exact date of the move, but Benson has attached to her responding papers

copies of payroll records that confirm that she had an address in Buffalo and was working locally

---

[1] Although the Second Circuit has not addressed the issue and District Courts within the Circuit are split, this Court has joined others in treating transfer motions as non-dispositive.  *See, e.g., Cadence Pharm., Inc. v. Multisorb Techs., Inc.*, No. 16MC22G, 2016 WL 4267567, at *4 (W.D.N.Y. Aug. 15, 2016) (citations omitted); *D'Amato v. ECHL, Inc.*, No. 13CV646S, 2015 WL 2151825, at *3 (W.D.N.Y. May 7, 2015) (citations omitted).

at least as of May 10, 2015.  (Dkt. No. 20-1 at 1–3.)  The Commissioner, through the Appeals

Council, issued a final denial of Benson's SSI claim on August 26, 2015.  Benson then filed her

complaint in this case on October 29, 2015.  (Dkt. No. 1.)

The Commissioner seeks transfer on the basis that, according to her records, Benson still

lives in Fort Wayne, Indiana, within the Northern District of Indiana.  Agency records appear to

indicate that Benson changed her residential address from one Indiana address to another on

March 28, 2015.  (Dkt. No. 17-2 at 2.)  The agency records have not changed since.  Benson did

not address the state of the agency's records but did attach the payroll information to her

responding papers.

## II.  DISCUSSION

The Commissioner is correct about the general principles that govern her motion.  An

action to challenge a final determination from the Commissioner "shall be brought in the district

court of the United States for the judicial district in which the plaintiff resides."  42 U.S.C.

§ 405(g).  Benson seems to have done that.  Some evidence in the record indicates that Benson

began living in Buffalo around April or May 2015.  Benson did not file her complaint in this case

until several months later.  Whether the parties should have maintained better communication

about Benson's residence is another matter, but for now, venue appears to be proper.  *Compare*

*Rosario v. Colvin*, No. 13-CV-5573 NGG, 2015 WL 3862683, at *5 n.1 (E.D.N.Y. June 22, 2015)

("Although Plaintiff originally applied for benefits in Georgia, Plaintiff has since relocated to New

York, and filed her appeal of the ALJ's decision in this court . . . . Plaintiff has thus filed her

appeal of the ALJ's decision in the correct venue.") (citations omitted) *with Smart v. Astrue*, No. 09-

CV-877S, 2012 WL 2856127, at *1 (W.D.N.Y. July 11, 2012) ("Plaintiff does not dispute that the record establishes that he has been a resident of California at all times relevant to this proceeding, and indeed he asserts that his communications have been with the Hollywood, California, Social Security office. Where, as here, the complaint is not filed in the judicial district in which plaintiff resides, transfer of the action to the appropriate venue is warranted.") (citation omitted). The Court will make its denial of the Commissioner's motion without prejudice, just in case other information emerges that contradicts the information now in the docket.

III.    CONCLUSION

For all of the foregoing reasons, the Court denies the Commissioner's motion to transfer (Dkt. No. 17) without prejudice.

SO ORDERED.

___/s Hugh B. Scott_____
Honorable Hugh B. Scott
United States Magistrate Judge

DATED: May 4, 2017